# Office of the
# FEDERAL PUBLIC DEFENDER
# NORTHERN DISTRICT OF OHIO

**Stephen C. Newman**  
*Federal Public Defender*

**Jacqueline A. Johnson**  
*First Assistant*

**Skylight Office Tower • Suite 750 • 1660 West Second Street • Cleveland, Ohio 44113-1454**  
**Phone: 216-522-4856 • Fax: 216-522-4321 • Website: www.fpd-ohn.org**

―――――――――――――――――――――  *Branch Offices*  ―――――――――――――――――――――

| | | |
|---|---|---|
| *Akron Centre Plaza* | *617 Adams Street* | *Thomas D. Lambros Federal Building and* |
| *50 South Main Street, Suite 700* | *Toledo, Ohio 43604-1419* | *United States Courthouse* |
| *Akron, Ohio 44308-1830* | *Phone: 419-259-7370* | *125 Market Street* |
| *Phone: 330-375-5739* | *Fax: 419-259-7375* | *Youngstown, Ohio 44503-1780* |
| *Fax: 330-375-5738* | | *Phone: 330-746-6399* |
| | | *Fax: 330-746-6391* |
| | | *(By Appointment Only)* |

September 7, 2018

Aaron P. Howell  
Assistant United States Attorney  
208 Federal Bldg.  
2 South Main Street  
Akron, OH  44308

    Re:    <u>United States v. Trevor C. Marlyne</u>  
            Case No. 1:18CR00513

Dear Mr. Howell:

    Through this letter, I hereby request that you send or make available to my office, all discovery in the above-captioned case.  This request encompasses all information discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure (hereinafter "F.R.C.P.").  Specifically, this request includes, but is not limited to:

A. <u>F.R.C.P. 16</u>

  1. <u>Statements of the Defendant</u>

    <u>Written or recorded statements</u>.  Any and all written or recorded statements made by the defendant (or copies thereof) within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known.  As well as that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent <u>regardless</u> of whether the government intends to use same at trial.

EXHIBIT A

Office of the
FEDERAL PUBLIC DEFENDER
NORTHERN DISTRICT OF OHIO

**Stephen C. Newman**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Jacqueline A. Johnson**
*Federal Public Defender*　　　　　　　　　　　　　　　　　　　　　　　　　　　　*First Assistant*

<u>Oral statements</u>. The substance of any and all oral statements made by the defendant whether before or after interrogation by any person then known by the defendant to be a government agent that the government intends to use at trial regardless of whether the statement is recorded. <u>See</u> Rule 16(a)(1)(A). This request also includes the substance of the defendant's response to <u>Miranda</u> warnings. <u>See</u> <u>United States v. McElroy,</u> 697 F.2d 459, 465 (2nd Cir. 1982). (Reversal of defendant's conviction where the government failed to inform the defense that the defendant invoked his rights).

This request would include an agent's summary of the defendant's statement in a report and/or rough notes if they include the defendant's statement. <u>See</u> <u>United States v. Johnson,</u> 525 F.2d 999 (2nd Cir.) <u>cert. denied</u>, 424 U.S. 920 (1976). This request is not limited to statements which the government <u>intends to introduce</u> at trial. But rather, any statement the government intends to <u>use</u> at trial including as impeachment.

2. <u>Defendant's Prior Record</u>

   A copy of the defendant's prior criminal record within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to your office. This request would include the defendant's entire criminal record, <u>including all offenses regardless of the severity</u>, known to the government or by the exercise of due diligence may become known. <u>See</u> Rule 16(a)(1)(D). This request would include discovery of all matters known to the government, or that may become known with due diligence, that may effect the defendant's criminal history score pursuant to U.S.S.G. Chapter 4.

3. <u>Documents and Objects</u>

   The inspection, copying, or photographing of books, papers, documents, tangible objects, buildings or places or copies or portions thereof, which are within the possession, custody, or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at trial, or were obtained from or belong to the defendant. <u>See</u> Rule 16(a)(1)(E).

Office of the
**FEDERAL PUBLIC DEFENDER**
**NORTHERN DISTRICT OF OHIO**

**Stephen C. Newman**  **Jacqueline A. Johnson**
*Federal Public Defender*  *First Assistant*

4. Reports of Examinations and Tests

   Any and all results or reports of physical examinations and of scientific tests or experiments or copies thereof, which are within the possession, custody, or control of the government or by the existence of due diligence may become known to yourself, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at trial. See Rule 16(a)(1)(F). This request entitles the defendant to production of the results of tests such as, fingerprint, handwriting, and/or drug analysis or any psychiatric examinations of the defendant or any government witness.

5. Expert Witness Summary

   A written summary of the testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witness's opinions, the bases and the reasons therefore, and the witness's qualifications pursuant to Rule 16(a)(1)(G).

B. F.R.C.P. 12(a)(4)

   Pursuant to Rule 12(a)(4) of the Federal Rules of Criminal Procedure, I hereby request notice of which evidence the government intends to use in its case-in-chief.

   PLEASE KEEP IN MIND THAT NO MATERIAL SUBJECT TO DISCOVERY UNDER RULE 16 SHOULD BE FORWARDED TO THE JUDGE IN THIS CASE EXCEPT UNDER SEAL, UNLESS THE JUDGE ORDERS OTHERWISE. SEE RULE 3:5:1 LOCAL RULES OF THE UNITED STATES DISTRICT COURT.

C. Brady v. Maryland

   Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), I hereby request that I be provided with any exculpatory material which exists in this case relating to guilt and/or punishment. Should there be a question with regard to whether certain information constitutes Brady material, the information should be presented to the Court for view in camera to determine whether it should be produced.

Office of the
**FEDERAL PUBLIC DEFENDER**
NORTHERN DISTRICT OF OHIO

**Stephen C. Newman**  **Jacqueline A. Johnson**
*Federal Public Defender*  *First Assistant*

D. <u>Jencks</u>

Pursuant to F.R.C.P. 26.2, I would request pretrial production of <u>Jencks</u> material. If pretrial Jencks is produced by the government, the defendant is willing to reciprocate in kind.

E. <u>404(b)</u>

Please provide me with notice of any evidence which you intend to introduce pursuant to Federal Rule of Evidence 404(b).

F. <u>Miscellaneous</u>

Please advise all investigating officers in this case that they should not initiate any contact with my client, and that any communication intended for him be made through me. All government agents should be further directed to preserve all of their rough notes.

Please send the above-requested discovery to me as soon as possible, and/or notify me if other arrangements need be made. With respect to the inspection of physical evidence, please let me know when such evidence is available so that I may make arrangements to inspect it. This discovery request is a continuing request. <u>See</u> Rule 16(C). Please notify me immediately as additional material becomes available.

If you have any questions regarding the nature of this request, please do not hesitate to contact me. I look forward to your response.

Sincerely,

*/s/Carolyn M. Kucharski*
CAROLYN M. KUCHARSKI
Assistant Federal Public Defender

CMK/rkh