IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18 CR 513 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| TREVOR C. MARLYNE, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO DECLARE CASE COMPLEX
AND CONTINUE TRIAL AND ALL PRETRIAL DATES**

Now comes Defendant, Trevor Marlyne, by and through undersigned counsel, and hereby respectfully moves this Honorable Court pursuant to Title 18 U.S.C. § 3161 for a continuance of the trial scheduled for November 6, 2018, and all other pretrial deadlines, in order to allow him adequate time to prepare his defense in this complex conspiracy to possess and distribute controlled substances and launder money case. The legal and factual bases for the requested continuance are set forth in the Memorandum, which is attached hereto and incorporated herein by express reference.

Furthermore, Mr. Marlyne has been counseled regarding his speedy trial rights, consents to the filing of this Motion, and has executed a waiver of his speedy trial rights. (*See Exhibit A.*)

Respectfully submitted,

*/s/ Eric F. Long*
ERIC F. LONG (0093197)
ERIC C. NEMECEK (0083195)
Counsel for Defendant
Friedman & Nemecek, L.L.C.

1360 East 9th Street, Suite 650  
Cleveland, OH 44113  
P: (216) 928-7700  
E: inf@fanlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was filed by CM/ECF on the 16th day of October, 2018, which will send a notification of such filing electronically to the following: Assistant United States Attorney Aaron Howell, 801 West Superior Avenue, Cleveland, Ohio 44113.

Respectfully submitted,

/s/ Eric F. Long  
ERIC F. LONG  
Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18 CR 513 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| TREVOR C. MARLYNE, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM IN SUPPORT OF MOTION TO DECLARE CASE COMPLEX AND CONTINUE TRIAL AND PRETRIAL DATES

I. **The Indictment**

Defendant, Trevor C. Marlyne, was charged in Count I of a six count indictment that includes charges against ten co-defendants. The indictment stems from charges relating to conspiracy to commit money laundering, possession with intent to distribute marijuana, and possession of a firearm by a felon. Marlyne was arraigned on September 5, 2018 and entered a plea of "Not Guilty." The indictment consists of only one count against Marlyne, which charges him Conspiracy Launder Money in violation of 18 U.S.C. § 1956(h).

II. **The Court's Trial Order and Status of Discovery**

On September 12, 2018, this Court issued an order Trial Order scheduling the case for a pretrial conference on October 30, 2018, trial on November 6, 2018, and setting a deadline of October 16, 2018 by which to file pretrial Motions other than *Motions in Limine*. The Court's Trial Order does not establish a deadline by which the parties must

provide discovery. (Doc. No. 51).

On or about September 27, 2018, Marlyne, through counsel, received an initial response to discovery from the Government, which contains multiple compact discs containing voluminous discovery. Undersigned counsel continues to review the Government's discovery production. Upon completion thereof, it is anticipated that counsel will engage in further investigation and discovery.

In summation, although this case may appear simple and straightforward on its surface, the facts and circumstances herein at issue dictate otherwise, given the number of co-defendants and the likelihood of additional investigation and discovery. Additional time is needed fully investigate the matter and to prepare an effective defense to the allegations set forth in the indictment.

### III. Law and Argument

The Speedy Trial Act of 1974, which is codified at 18 U.S.C. § 3161, et seq., generally provides for trial within 70 days of the later of an accused's indictment or initial appearance. Section 3161(h)(7)(A) provides that the district court may grant a continuance of trial "if the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Section (h)(7)(B) contains a non-exhaustive list of factors the district court shall consider in determining whether to grant an "ends of justice" continuance:

> (i) Whether the failure to grant such a continuance in the proceedings would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number

> of defendants, the nature of the prosecution or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> ***
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. § 3161(h)(7)(B). The Court must make findings on the record to support an "ends-of-justice" continuance under the Speedy Trial Act. *See Zedner v. United States*, 547 U.S. 489 (2006).

The indictment against Marlyne in this case clearly involves allegations of complex conspiracy to possess and distribute marijuana as well as money laundering. On its face, the indictment reveals that this is a factually and legally complex prosecution.

Discovery will be voluminous, involving numerous entities, recordings, communications, and other financial documents. In order to adequately prepare for – and effectively represent Marlyne at trial, defense counsel is in need of additional time to obtain, review and analyze the discovery to be provided, to conduct their own investigation of documents and information relevant to the presentation of Marlyne's defenses, including cross-examination of Government witnesses, to obtain necessary expert services, and to research and prepare appropriate pretrial Motions. That process

has only recently begun and, despite the exercise of due diligence, cannot be completed under the timelines set forth in the Speedy Trial Act or this Court's Trial Order.

Receipt and review of complete discovery is essential to defense counsel's ability to adequately prepare for trial and to defend against the charges. Indeed, it is critical to effective assistance of counsel and Marlyne's constitutional rights to confrontation and cross-examination of his accusers. Without timely, full discovery, and adequate time to investigate and prepare, Marlyne cannot be expected to receive a fair trial.

IV. Conclusion

Marlyne respectfully submits that, under 18 U.S.C. § 3161(h)(7)(A) and (B), the ends of justice can only be served by a reasonable continuance of trial and all pretrial deadlines. The anticipated volume and complexities of discovery, the legal issues involved, and the materials necessary for adequate preparation of the defense are significant. Under the circumstances, an "ends of justice" continuance is required to protect Marlyne's constitutional rights and to avoid a premature trial, which could result in a miscarriage of justice. The allegations against Marlyne are serious in nature and the potential penalties are severe. In order to adequately prepare for, and defense this case, the defense must be afforded reasonable time to obtain discovery, complete their investigation, and prepare for trial.

Respectfully submitted,

*/s/ Eric F. Long*
ERIC F. LONG (0093197)
ERIC C. NEMECEK (0083195)
Counsel for Defendant

Friedman & Nemecek, L.L.C.
1360 East 9th Street, Suite 650
Cleveland, OH 44113
P: (216) 928-7700
E: inf@fanlegal.com