1      **UNITED STATES OF AMERICA**
     **FOR THE NORTHERN DISTRICT OF OHIO**
2       **EASTERN DIVISION**

3        - - - - -

4


5  UNITED STATES OF AMERICA,   )
             )
6        Plaintiff,  )  Case No.
             )
7      vs.     )  1:18CR513
             )
8  TREVOR C. MARLYNE,    )
             )
9        Defendant.  )

10


11       - - - - -

12   TRANSCRIPT OF PROCEEDINGS HAD BEFORE MAGISTRATE

13  JUDGE JONATHAN D. GREENBERG, MAGISTRATE JUDGE OF

14   SAID COURT, ON FRIDAY, APRIL 26TH, 2019,

15    COMMENCING AT 10:05 O'CLOCK A.M.

16       - - - - -

17


18  Court Reporter:     GEORGE J. STAIDUHAR
           801 W. SUPERIOR AVE.,
19           SUITE 7-184
           CLEVELAND, OHIO 44113
20           (216) 357-7128

21       - - - - -

22

23

24

25

1     APPEARANCES:

2         On behalf of the Government:

3             OFFICE OF THE U.S. ATTORNEY
              BY:   AARON P. HOWELL, AUSA
4             208 Federal Bldg.
              2 South Main Street
5             Akron, OH 44308

6

7         On behalf of the Defendant:

8             FRIEDMAN & NEMECEK
              BY:   ERIC F. LONG, ESQ.
9             Ste. 650
              1360 East Ninth Street
10            Cleveland, OH 44114

11

12                    – – – –

13

14

15

16

17

18

19

20

21

22

23

24

25

P R O C E E D I N G S

1

2          THE COURT:  Thank you.  Please be seated.

3          (Case called.)

4          THE COURT:  Good morning.  On behalf of the

5   United States?

6          MR. HOWELL:  Good morning, your Honor.

7          Aaron Howell on behalf of the United

8   States.

9          THE COURT:  On behalf of the Defendant?

10          MR. LONG:  Good morning, your Honor.  Nice

11   to see you.

12          Eric Long on behalf of Mr. Marlyne.

13          THE COURT:  Good morning.

14          Mr. Howell, is this a matter that the Crime

15   Victims' Rights Act applies here?

16          MR. HOWELL:  No, your Honor.

17          THE COURT:  Very well.

18          Sir, you are Trevor C. Marlyne?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Did I pronounce that correctly?

21          THE DEFENDANT:  Marlyne, sir.

22          THE COURT:  Marlyne.  Okay.

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Okay.  Mr. Marlyne, I have been

25   informed you wish to plead guilty today.  Is my

1  understanding correct?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Now, also, I further understand

4  you have consented to having this Court receiving your

5  plea.

6          Is that likewise correct?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  I have an original consent form

9  on the bench here with me, and I would like you to take a

10  look at it, please.

11          (Pause.)

12          THE COURT:  Mr. Marlyne, is that your

13  signature on the consent?

14          THE DEFENDANT:  Yes, sir, it is.

15          THE COURT:  And have you discussed this

16  consent with your attorney?

17          THE DEFENDANT:  Yes, I have.

18          THE COURT:  And do you understand you have a

19  right to offer your guilty plea to Judge Boyko, the trial

20  judge in this case, correct?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Do you understand that by

23  giving this consent to my jurisdiction, you are giving

24  up your right to offer your guilty plea directly to

25  Judge Boyko?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Sir, do you still wish to

3    proceed with your plea here today?

4          THE DEFENDANT:  Yes, sir, I do.

5          THE COURT:  Very well.  The purposes of this

6    proceeding are the establish that you are competent to

7    make a plea, to make sure your plea is free and

8    voluntary, to be certain that you understand the charges

9    asserted against you and actual penalties for those

10   charges and the constitutional rights you will be giving

11   up by pleading guilty, to determine that there is a

12   factual basis for the plea, and to receive your plea.

13         Before receiving your plea, I will be asking

14   you a series of questions.  The court reporter will

15   record my questions and your answers.  Only spoken or

16   oral answers can be recorded as opposed to a nod of the

17   head or a gesture.

18         So simply, clearly, state your answers.  If

19   you don't understand my questions or at any time you wish

20   to consult with your attorney, please say so because it

21   is essential to a valid plea that you understand each

22   question before you answer it.

23         Do you understand these instructions?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  Sir, you have a right to remain

1    silent.  You are not required to make a statement, and

2    anything you say may be used against you.  Before

3    receiving your guilty plea, there are a number of

4    questions I will ask to assure that your plea is valid.

5              By answering these questions, you will be

6    making statements against your interests, and you will

7    incriminate yourself.

8              Do you understand that by proceeding here

9    today with a guilty plea you will necessarily be giving

10   up your right to remain silent?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Now, if the clerk can please

13   swear in the Defendant?

14                    TREVOR C. MARLYNE

15   the Defendant herein, called as a witness, and

16   being first duly sworn, was examined and testified

17   as follows:

18             THE DEFENDANT:  I do.

19             THE COURT:  Very well.  Have a seat, sir.

20             Now, you have now been sworn and are under

21   oath to tell the truth.  Your answers to my questions may

22   subject you to prosecution for perjury for making a false

23   statement if you do not tell the truth.

24             Do you understand the consequences if you

25   fail to tell the truth?

7

1      THE DEFENDANT:  Yes, I do.

2      THE COURT:  Very well.  As part of this

3  proceeding, I must now determine that you are competent,

4  that is, that you understand the proceedings for your

5  entry of a knowing plea.

6      So what is your full name?

7      THE DEFENDANT:  Trevor Charles Marlyne.

8      THE COURT:  And how old are you?

9      THE DEFENDANT:  I am 33 years old.

10     THE COURT:  Are you a citizen of the

11 United States?

12     THE DEFENDANT:  Yes, sir, I am.

13     THE COURT:  Sir, how far did you go in

14 school?

15     THE DEFENDANT:  Some college.

16     THE COURT:  So I am correct that you can

17 both speak, understand, read, and write the English

18 language?

19     THE DEFENDANT:  Yes, sir.

20     THE COURT:  Now, are you currently on

21 probation, parole, or supervised release for any state or

22 federal conviction?

23     THE DEFENDANT:  Pretrial probation for

24 this —

25     THE COURT:  Other than this case.

1       THE DEFENDANT:  — no, sir.

2       THE COURT:  In the last 12 months, have you

3  been treated for any mental illness, alcohol addiction,

4  or addiction to narcotic drugs?

5       THE DEFENDANT:  No, sir.

6       THE COURT:  In the last 24 hours, have

7  you taken any medication, any drugs, or consumed any

8  alcohol?

9       THE DEFENDANT:  No, sir.

10       THE COURT:  Mr. Howell, is there any

11  doubt as to this Defendant's competence to plead at this

12  time?

13       MR. HOWELL:  There is none, your Honor.

14       THE COURT:  Mr. Long, is there any doubt as

15  to your client's competence to plead at this time?

16       MR. LONG:  No, your Honor.

17       THE COURT:  Now, Mr. Marlyne, you have a

18  right to be represented by an attorney at each and every

19  stage of the proceedings in this case.  If you cannot

20  afford an attorney, the Court will appoint one to

21  represent you at no charge.

22       Are you represented here today by

23  Mr. Long?

24       THE DEFENDANT:  Yes, sir.

25       THE COURT:  And have you had enough time to

1    discuss with him the charges made against you and your

2    response to those charges?

3                    THE DEFENDANT:  Yes, sir.

4                    THE COURT:  Are you completely satisfied

5    with your attorney's representation and any advice he has

6    given you?

7                    THE DEFENDANT:  Very much so, yes, sir.

8                    THE COURT:  Now, by proceeding with a guilty

9    plea, you will be giving up several constitutional

10   rights.  I next want to explain and review with you what

11   those rights are and establish that you understand —

12   that you understand what you are giving up by pleading

13   guilty.

14                   Sir, you have a right to be tried — excuse

15   me — you have a right to stand by your plea of not

16   guilty and require the government to proceed to trial.

17   You have a right to a trial by jury including the

18   assistance of counsel at trial.

19                   At such a trial, you will be presumed

20   innocent, and the government would be required to

21   prove you guilty by competent evidence beyond a

22   reasonable doubt.  You do not have to prove that you are

23   innocent.

24                   Do you understand these rights?

25                   THE DEFENDANT:  Yes, sir.

1          THE COURT:  And do you understand by

2   pleading guilty you will be giving up these rights?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Sir, you have a right to

5   compulsory process.  That is, at trial, you have the

6   right to the issuance of subpoenas to require the

7   attendance of witnesses to testify in your defense or to

8   produce exhibits or documents for trial.

9          Do you understand your right to compulsory

10  process?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  And do you understand by

13  pleading guilty you will be giving up this right?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  You have the right to hear, see,

16  and cross-examine all witnesses the United States may

17  present against you.

18          Do you understand your right to confront

19  witnesses who would testify against you?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  And do you understand that by

22  pleading guilty you will be giving up this right?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  You have the right to remain

25  silent at trial.  While you would have the right to

1    testify if you chose to do so, you would also have the

2    right not to testify, and no inference or suggestion of

3    guilt can be drawn from the fact that you did not

4    testify.

5              Do you understand your right to remain

6    silent?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  And do you understand that by

9    pleading guilty you will be giving up this right?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  Now, as I stated earlier, if you

12   proceed with your plea of guilty, you will be giving up

13   your right not to incriminate yourself.  You will have to

14   acknowledge that you engaged in criminal conduct to make

15   a valid guilty plea.

16             Do you understand your right not to

17   incriminate yourself?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  And do you understand that by

20   pleading guilty you will be giving up this right?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  If you plead guilty and

23   Judge Boyko accepts your plea, do you understand that you

24   would be giving up the right to a trial and the other

25   rights I've just discussed?  There will be no trial, and

1      that the District Judge will enter a judgment of guilty

2      and sentence you on the basis of your guilty plea after

3      considering a presentence report.

4                      Do you understand that?

5                      THE DEFENDANT:  Yes, sir.

6                      THE COURT:  Do you understand that the

7      offense to which you are pleading guilty is a felony

8      offense, and a judgment of guilty may deprive you of

9      other civil rights such as the right to vote, the right

10     to hold public office, the right to serve on a jury, and

11     the right to possess any kind of firearm?

12                     THE DEFENDANT:  Yes, sir.

13                     THE COURT:  Sir, do you have a copy of the

14     indictment?

15                     THE DEFENDANT:  Yes, sir, I do.

16                     THE COURT:  And have you discussed with your

17     attorney the charges in the indictment to which you are

18     entering a plea of guilty?

19                     THE DEFENDANT:  Yes, sir.

20                     THE COURT:  Do you understand the charges

21     made against you in the indictment?

22                     THE DEFENDANT:  Yes, sir, I do.

23                     THE COURT:  Mr. Howell, can you please state

24     the maximum possible penalties for the count which

25     Mr. Marlyne intends to plead?

1      MR. HOWELL:  Yes, your Honor.

2           The Defendant will be pleading guilty to

3  Count 1.  That carries with it a maximum term of

4  imprisonment of up to 20 years, a maximum statutory fine

5  of up to $4.6 million dollars, a maximum period of

6  supervised release of up to three years.  It requires a

7  special assessment of $100.

8           THE COURT:  What is the title and code

9  section of the count?

10          MR. HOWELL:  Title 18 United States Code,

11 Section 1956(h), conspiracy to launder money, your

12 Honor.

13          THE COURT:  Is there any restitution?

14          MR. HOWELL:  No, your Honor.

15          THE COURT:  Is there any forfeiture?

16          MR. HOWELL:  Your Honor, the forfeiture just

17 refers to the fact that the Defendant does not have any

18 interest, ownership, and will not contest the forfeiture

19 outlined in the indictment.

20          THE COURT:  Very well.  Mr. Marlyne, do

21 you understand the maximum possible penalties you are

22 facing?

23          THE DEFENDANT:  Yes, sir, I do.

24          THE COURT:  Do you understand the forfeiture

25 issue as has been explained by the Assistant United

1    States Attorney?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  And do you understand this

4    Court's obligation to impose a special assessment in this

5    case?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  And again, so the record is

8    clear, there is no implication as relates to immigration

9    status on behalf of your client.

10             Is that correct, Mr. Long?

11             MR. LONG:  That is correct.

12             THE COURT:  Now, Mr. Marlyne, is your

13   decision to plead guilty the result of an exercise of

14   your own free will?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  Has anyone threatened you or

17   threatened anyone else in order to get to you plead

18   guilty?

19             THE DEFENDANT:  No, sir.

20             THE COURT:  Now, my understanding is, there

21   has been a plea agreement entered into between you or

22   your lawyer on your behalf and counsel for the

23   government.

24             Is that correct?

25             THE DEFENDANT:  Yes, sir.

1        THE COURT:  Do you have a copy of the plea
2    agreement?

3        THE DEFENDANT:  Yes, sir, I do.

4        THE COURT:  I am going to show you the
5    original plea agreement I have here at the bench and ask
6    you to look at the last page.

7        Is that your signature on the last page of
8    the plea agreement?

9        THE DEFENDANT:  Yes, sir, it is.

10       THE COURT:  Did you put your initials — are
11   those your initials on the lower right-hand corner of
12   each page?

13       THE DEFENDANT:  Yes, sir, they are.

14       THE COURT:  Did you have an opportunity to
15   read and discuss this plea agreement with your attorney
16   before you signed it.

17       THE DEFENDANT:  Yes, sir?

18       THE COURT:  And you understand the terms of
19   the plea agreement?

20       THE DEFENDANT:  Yes, sir, I do.

21       THE COURT:  Mr. Marlyne, thank you.

22       Mr. Howell, can you please state the
23   substance of the plea agreement for the record?

24       MR. HOWELL:  Yes, your Honor.

25       Defendant agrees to plead guilty to Count 1.

1    The parties agree to the guideline computation, which is

2    listed at paragraph 16 of the plea agreement, and that

3    the parties agree that no other specific offense

4    characteristics, guideline adjustments, or guideline

5    departures apply.

6            The United States will agree to recommend a

7    two-level reduction for acceptance of responsibility.

8    The parties do not have an agreement in regards to the

9    Criminal History Category, and the parties understand

10   that that will be determined by the Court after the

11   completion of a presentence investigation by the U.S.

12   Probation Office.  And the parties also have stipulated

13   to a factual basis for the plea that is outlined in

14   paragraph 21.

15           THE COURT:  And in the agreement, is there

16   an agreed adjusted offense level absent a Criminal

17   History?

18           MR. HOWELL:  There is, your Honor.

19           Specifically, I can just outline the

20   guideline computation.  We have agreed there is a base

21   offense level of 10, and that's based upon the

22   calculation of the drugs, specifically marijuana, that

23   were involved in this money-laundering conspiracy,

24   specifically six pounds.

25           The Defendant will be convicted under Title

1    18 United States Code, Section 1956.  That adds two

2    levels.  We are agreeing to a mitigating role adjustment

3    of minus three levels as well as the acceptance of

4    responsibility minus two for an adjusted offense level of

5    7.

6                    THE COURT:  Mr. Long, are you in accord with

7    the substance of the plea agreement as stated by

8    Mr. Howell?

9                    MR. LONG:  Yes, we are, your Honor.

10                    THE COURT:  Mr. Marlyne, are you likewise in

11   accord with the substance of the plea agreement as stated

12   by the Assistant United States Attorney?

13                    THE DEFENDANT:  Yes, sir.

14                    THE COURT:  Mr. Marlyne, has anyone,

15   including your lawyer, the lawyer for the government,

16   this Court, or any other court made any promise other

17   than those contained in this plea agreement to induce you

18   to plead guilty today?

19                    THE DEFENDANT:  No, sir.

20                    THE COURT:  Mr. Marlyne do you understand

21   that if I recommend acceptance of this agreement and

22   Judge Boyko accepts my recommendation, that you cannot

23   withdraw your guilty plea?

24                    THE DEFENDANT:  Yes, sir.

25                    THE COURT:   I direct your attention to page

1    5, paragraph 19 of the plea agreement.  Sir, do you

2    understand that you cannot appeal your sentence

3    except under the limit circumstances permitted by that

4    section?

5            THE DEFENDANT:  Yes, sir.

6            THE COURT:  Do you understand that you

7    cannot contest your conviction or sentence by any

8    post-conviction proceedings?

9            THE DEFENDANT:  Yes, sir.

10           THE COURT:  Have you and your attorney

11   discussed how the Sentencing Commission Guidelines might

12   apply to this case?

13           THE DEFENDANT:  Yes, sir.

14           THE COURT:  I direct your attention to

15   paragraphs 11 through 18 of the plea agreement beginning

16   on page 3.

17           Sir, do you understand that these paragraphs

18   discuss the application of the Sentencing Guidelines to

19   your case?

20           THE DEFENDANT:  Yes, sir.

21           THE COURT:  Has your attorney discussed with

22   you the range of sentence that you may receive?

23           THE DEFENDANT:  Yes, sir, he has.

24           THE COURT:  Mr. Long, please, without

25   waiving any attorney-client privilege, state for the

1    record the substance of discussions that you had

2    with Mr. Marlyne as it relates to the Sentencing

3    Guidelines?

4                    MR. LONG:  Yes.  Thank you, your Honor.

5                    Mr. Marlyne and I have discussed not only

6    the maximum possible penalties but also the guideline

7    ranges, the enhancements, the calculation, and

8    ultimately, the adjusted offense level of 7, as well as

9    the corresponding range and options within the category

10   A, B, C, and D and also the potential computation of

11   Criminal History and discussed the guideline ranges for

12   those various options.

13                   THE COURT:  Have you discussed with your

14   client the reductions that he has or has made an

15   agreement with the United States as it relates to

16   mitigating role adjustment and acceptance of

17   responsibility?

18                   MR. LONG:  Yes, your Honor, we have.

19                   THE COURT:  And have you likewise discussed

20   with your client the enhancement as relates to a

21   conviction of 18 U.S.C. 1956?

22                   MR. LONG:  I have, your Honor.

23                   THE COURT:  Mr. Marlyne, are you in

24   agreement with what your counsel just stated?

25                   THE DEFENDANT:  Yes, sir.

1          THE COURT:  Mr. Howell, on behalf of the

2    United States, does the government agree with the

3    substance of defense counsel's position of the applicable

4    sentencing range?

5          MR. HOWELL:  Yes, your Honor.

6          THE COURT:  Mr. Marlyne, do you understand

7    sentencing rests within the discretion of the Court; that

8    federal sentencing law requires the Court to impose a

9    sentence, which is sufficient but not greater than

10   necessary to comply with the purposes of sentencing as

11   set out in the United States Code, and that in doing so,

12   the Court must consider the advisory Sentencing

13   Guidelines we have been discussing here in open Court?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  Do you understand, however, that

16   the Court will determine the advisory United States

17   Sentencing Guidelines, imprisonment range after a

18   presentence report has been prepared by the U.S.

19   Probation Office.

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Sir, do you further understand

22   that any recommendations contained in the plea agreement

23   are not binding on the Court, and the Court may impose

24   any sentence provided by law including up to the maximum,

25   which has previously been discussed here in open Court?

1        THE DEFENDANT:  Yes, sir.

2        THE COURT:  Sir, do you likewise understand

3    the Court alone will decide the applicable sentencing

4    range under the advisory Sentencing Guidelines, whether

5    there is any basis to depart from that range or impose a

6    sentence outside of the Guidelines and what sentence to

7    impose?

8        THE DEFENDANT:  Yes, sir.

9        THE COURT:  Sir, in other words, the

10   sentence that the Court imposes may be different from any

11   estimate your attorney has given you.

12       Do you understand that?

13       THE DEFENDANT:  Yes, sir.

14       THE COURT:  Sir, you understand that if the

15   Court imposes a sentence different than what is

16   recommended by the government or your attorney, that you

17   have no right to withdraw your guilty plea?

18       THE DEFENDANT:  Yes, sir.

19       THE COURT:  Do you understand that, as

20   previously discussed, it is only under some limited

21   circumstances that you or the government may have the

22   right to appeal any sentence imposed?

23       THE DEFENDANT:  Yes, sir.

24       THE COURT:  Sir, do you also understand that

25   parole has been abolished, and that if you are sentenced

1       to prison, you will not be released early on parole?

2                       THE DEFENDANT:  Yes, sir.

3                       THE COURT:  Having discussed your rights

4       with you, Mr. Marlyne, do you still wish to proceed with

5       a guilty plea?

6                       THE DEFENDANT:  Yes, sir, I do.

7                       THE COURT:  I will now review with you the

8       portion of the plea agreement, which you stipulate to the

9       facts as they relate to your conduct, as charged in the

10      indictment.  You will have an opportunity to correct any

11      facts you believe to be incorrect.  I direct your

12      attention to page 6 of the plea agreement, specifically

13      paragraph 21.

14                      Mr. Howell, can you please read the factual

15      basis?

16                      MR. HOWELL:  Yes, your Honor.  Thank you.

17                      The Defendant agrees the following summary

18      fairly and accurately sets forth the Defendant's offense

19      conduct and a factual basis for the guilty plea.  He

20      further agrees that the facts set forth in the summary

21      are true and could be established beyond a reasonable

22      doubt if the case were to proceed to trial.

23                      Within the timeframe noted in the

24      indictment, the Defendant Trevor Marlyne knowingly and

25      intentionally combined, conspired, and agreed together

1    and with others, including but not limited to the

2    co-defendants in this case, to knowingly and

3    intentionally conduct and attempt to conduct a series of

4    financial transactions affecting interstate commerce,

5    which transactions involved the proceeds from a specified

6    unlawful activity, in this case conspiracy to distribute

7    and to possess with the intent to distribute marijuana, a

8    violation of Title 21 United States Code, Section 846, as

9    well as a violation of Title 21 United States Code,

10   Section 841 and Title 18 United States Code, Section 2,

11   knowing that the transactions were designed, in whole or

12   in part, to conceal and disguise the nature, location,

13   source, ownership, and control of the proceeds of the

14   specified unlawful activity, all in violation of Title 18

15   United States Code, Section 1956(a)(1)(B)(i) and with the

16   intent to promote in carrying on the specified unlawful

17   activity in violation of Title 18 United States Code,

18   Section 1956(a)(1)(A)(i).

19            THE COURT:  Mr. Marlyne, do you agree with

20   the facts as stated so far?

21            THE DEFENDANT:  Yes, sir.

22            THE COURT:  Very well.  Proceed, Mr. Howell.

23            Thank you.

24            MR. HOWELL:  On at least two occasions, the

25   Defendant Trevor Marlyne accepted marijuana in the

1    Northern District of Ohio from one of his co-conspirators

2    and possessed that marijuana with the intent to

3    distribute it.  On at least two occasions, the Defendant

4    then provided United States Currency to that same

5    co-conspirator in the Northern District of Ohio for

6    shipment to Aaron Eisenberg in California.

7             The parties agree that the Defendant

8    possessed with the intent to distribute at least

9    six pounds, which equates to 2.72 kilograms of

10   marijuana, in the Northern District of Ohio during this

11   conspiracy.

12            THE COURT:  Mr. Marlyne, are you in total

13   agreement with the factual basis as contained in the plea

14   agreement?

15            THE DEFENDANT:  Yes, sir, I am.

16            THE COURT:  Do you wish to make any changes

17   in the factual basis upon the plea agreement as it has

18   been read to you?

19            THE DEFENDANT:  No, sir.

20            THE COURT:  Mr. Long, do you agree that

21   the factual basis covers each of the essential elements

22   of the offense to which Mr. Marlyne intends to plead

23   guilty?

24            MR. LONG:  I do, your Honor.

25            THE COURT:  Mr. Howell, on behalf of the

1   United States, is there anything that the Court has

2   failed to cover prior to receiving the plea?

3              MR. HOWELL:  I don't believe so, your Honor.

4   Thank you.

5              THE COURT:  Is the United States satisfied

6   that the Court has fulfilled the retirements pursuant to

7   Criminal Rule 11?

8              MR. HOWELL:  Yes, your Honor.

9              THE COURT:  Mr. Long, is there anything

10  I failed to cover prior to receiving your client's

11  plea?

12             MR. LONG:  No, your Honor.

13             THE COURT:  Are you satisfied that the Court

14  has fulfilled the requirements necessary pursuant to

15  Criminal Rule 11?

16             MR. LONG:  Yes, your Honor.

17             THE COURT:  Thank you.

18             Mr. Marlyne, I am now prepared to receive

19  your plea.  Would you like to confer with your attorney

20  before I ask you what your plea is?

21             THE DEFENDANT:  No, sir.

22             THE COURT:  Do you have any questions of me

23  before I ask you what your plea is?

24             THE DEFENDANT:  No, sir.

25             THE COURT:  Now, having advised you of your

1    rights, having established your competence and having

2    found a factual basis for your plea, I ask you now, how

3    do you plead to Count 1 of the indictment?  Guilty or not

4    guilty.

5              THE DEFENDANT:  Guilty.

6              THE COURT:  The record will reflect the

7    Defendant has tendered a plea of guilty.

8              For the record, it is my finding that the

9    Defendant Trevor C. Marlyne is fully competent to and

10   capable of entering an informed plea; that he is aware of

11   the nature of the charges brought against him and the

12   consequences of his plea, and that his plea of guilty to

13   Count 1 of the indictment in this case is a knowing and

14   voluntary plea supported by an independent basis in fact,

15   containing each of the essential elements of the offense

16   as charged.

17             I, therefore, recommend that Judge Boyko

18   approve the plea agreement, accept Mr. Marlyne's plea,

19   and adjudge him guilty of the offense charged in Count 1

20   of the indictment.

21             The Court will order a presentence

22   investigation report prior to sentencing.  I would advise

23   you, Mr. Marlyne, that it is in your best interests to

24   cooperate with the probation officer in furnishing

25   information for that report since the report will be an

1    important decision as to what your sentence will be.

2              You or your counsel will have a right and

3    opportunity to examine that report and comment on it at

4    the time of sentencing.  The disposition for sentence in

5    this case has been set for August 9, 2019, at 11:00

6    o'clock a.m. before Judge Boyko.

7              Is there anything further on behalf of the

8    United States?

9              MR. HOWELL:  No, your Honor.  Thank you.

10             THE COURT:  Is there anything further on

11   behalf of the Defendant?

12             MR. LONG:  No, your Honor.

13             THE COURT:  The Defendant's bond is

14   continued.  This Court is in recess.

15             (Hearing concluded at 10:27 a.m.)

16                  - - - - -

17

18

19

20

21

22

23

24

25

1  State of Ohio,      )
                       )  SS:
2  County of Cuyahoga,)

3

4                C E R T I F I C A T E

5

6        I, George J. Staiduhar, within and for the

7  State of Ohio, do hereby certify that the above

8  transcript is a true and accurate record of the hearing

9  held before Magistrate Judge Jonathan D. Greenberg.  This

10 record was prepared from the K Drive of the

11 Court's computer.

12        IN WITNESS WHEREOF, I have hereunto set my

13 hand and seal of office in Cleveland, Ohio, on this

14 7th day of May A.D., 2019.

15

16

17                        s/George J. Staiduhar
                          George J. Staiduhar
18                        Notary Public - State of Ohio
                          My commission expires 8-1-2022
19                        Commission No. 2017-RE-664619

20

21

22

23

24

25