**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | CASE NO. 1:18 CR 00513-008 |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | **DEFENDANT'S MEMORANDUM IN AID OF SENTENCING** |
| TREVOR C. MARLYNE, Defendant. | ) | |

NOW COMES Defendant TREVOR MARLYNE, by and through undersigned counsel, Eric F. Long and Eric C. Nemecek, Friedman & Nemecek, L.L.C., and hereby submits the instant Memorandum in Aid of Sentencing for this Honorable Court's consideration in determining an appropriate disposition in this matter. The purpose of the instant Memorandum is to provide the Court with additional information pertaining to Mr. Marlyne that is relevant to the Court's determination of a sentence that is sufficient, but not greater than, that which is necessary to satisfy the principles and purposes of federal sentencing.

**MEMORANDUM IN SUPPORT**

**I. Factual History**

On May 7, 2019, Mr. Marlyne appeared before this Honorable Court and entered a plea of "Guilty" to one (1) count of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h). The instant Plea Agreement was made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. Mr. Marlyne currently stands before this Honorable Court for the imposition of sentence. Mr. Marlyne respectfully requests that the Court consider the information

set forth in the instant pleading as well as additional evidence and arguments to be presented at the sentencing hearing in determining a fair and appropriate disposition of this case.

## II. At the Time of Sentencing, it Will Be This Honorable Court's Duty to Impose a Sentence Sufficient, But Not Greater Than Necessary, to Comply with the Purposes of Federal Sentencing Set Forth in 18 U.S.C. § 3553 (A).

In light of *United States v. Booker*, 543 U.S. 220 (2005), this Honorable Court is required to engage in a multi-step analytical process at sentencing. After making the appropriate findings of fact, the court must first determine the applicable Guidelines range. *United States v. Grossman*, 513 F.3d 592, 595 (6th Cir. 2008). Next, the Court must determine whether a sentence within that range serves the factors set forth in § 3553(a). *Id*. Finally, the Court must articulate the reasons for the sentence imposed in light of the factors set forth in 18 U.S.C. § 3553(a). *Id*.

Foremost, counsel reiterates that Mr. Marlyne accepts full responsibility for his actions. His life has been forever changed as a result of his choices and the repercussions of his conduct. As a thirty-three (33) year-old individual facing the possibility of a substantial term of incarceration, Mr. Marlyne recognizes the severity of this situation and he is dedicated to separating himself entirely from the behavior that gave rise to the instant matter. He is completely remorseful and contrite for his misconduct and desires only a chance to continue his efforts of being a productive and law-abiding citizen after the disposition of this case.

As set forth in the Presentence Investigation Report, defense counsel agrees that the following guidelines calculation represents the correct computation of the applicable offense level:

| | |
|---|---|
| ***Base Offense Level*** | **10** |
| Specific Offense Characteristics | + 2 |
| Adjustment for Role in the Offense | - 3 |
| Adjustment for Acceptance of Responsibility | - 2 |
| ***Total Offense Level*** | **7** |

As aforementioned, the United States Supreme Court requires sentencing courts to engage in a multi-step analytical process at sentencing. *See Booker*, 543 U.S. 220. Post-*Booker* opinions make clear that, although a sentencing court must "give respectful consideration to the Guidelines, *Booker* permits the court to tailor the sentence in light of other statutory concerns as well." *Kimbrough v. United States,* 552 U.S. 85, 101 (2007) (internal quotation marks and citation omitted). Accordingly, although the "Guidelines should be the starting point and the initial benchmark," district courts may impose sentences within statutory limits based on appropriate consideration of all the factors listed in § 3553(a), subject to appellate review for "reasonableness." *Pepper v. United States*, 562 U.S. 476, 131 S. Ct. 1229, 1241 (2011), *quoting Gall v. United States*, 552 U.S. 38, 49-51 (2007).

The Supreme Court has expressly directed that an "individualized assessment" of the case "based on the facts presented" is required. *Gall*, 552 U.S. at 50. Such analysis should be guided by "reasonableness" and an "individualized application of the statutory sentencing factors." *Id.* at 46-47. A sentencing judge retains "wide latitude to decide the proper degree of punishment for an individual offense and a particular crime." *United States v. Cavera*, 550 F.3d 180, 189 (2nd Cir. 2008).

## III. Examination of The Factors Set Forth in 18 U.S.C. § 3553(A).

### A. Nature and Circumstances of the Offense and the History and Characteristics of Mr. Marlyne.

#### 1. History and Characteristics of Mr. Marlyne.

In *Pepper*, *supra*, the United States Supreme Court endorsed the notion that post-*Booker* sentencing must focus as much on the offender, their individual background, and their need for services and rehabilitation as on the offense committed. According to the Court, "highly relevant—if not essential—to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. Permitting sentencing courts to consider the widest possible breadth of information about a defendant ensures that the punishment will suit not merely the offense but the individual defendant." *Pepper*, 131 S. Ct. at 1240 (internal citations omitted).

Mr. Marlyne is a thirty-three (33) year-old male who was born on May 18, 1986 in Mayfield, Ohio. PSR ¶29. Growing up, Mr. Marlyne resided with his parents and his two (2) siblings, all of whom he maintains a good relationship with to this day. PSR ¶29-30. He attended Shenandoah High school from 2000 to 2004 and earned his GED in June 2009. PSR ¶37. After obtaining his GED, Mr. Marlyne took business courses at Ashland University and later took additional courses at Ohio Technical College. PSR ¶37.

In September 2012, Mr. Marlyne began working at Produce Packaging in Cleveland, Ohio. He worked there until May 2013 when he started working at NewGen Outlets in Highland Heights, Ohio. He was most recently employed as a sales and service associate by Motorcars Toyota in Cleveland Heights, Ohio from September 2013 to December 2016. PSR ¶38.

Perhaps the greatest positive influence on his life and a large reason for the drastic change in Mr. Marlyne in the time since he committed the underlying offense is his fiancé, Alexandria Radu. After meeting Ms. Radu, Mr. Marylne has focused on making better choices and becoming a better man. She has been incredibly supportive of Mr. Marlyne throughout this process and is committed to providing him with the support necessary to ensure that he continues to be a law-abiding citizen.

### 2. Mr. Marlyne's Remorse and Contrition

Mr. Marlyne accepts complete responsibility for his conduct in this case, as evidenced by his plea of "Guilty" as well as his statements contained in the Presentence Investigation Report. He currently stands before this Honorable Court humbled, remorseful and contrite. He understands that his conduct was unlawful and that his decision to save a few dollars has been extremely costly to him. He is embarrassed and ashamed for putting himself and his family and more importantly, Ms. Radu in this difficult situation. He also understands the impact his actions have had on his family members and the Government's investigative efforts. PSR ¶26.

Mr. Marlyne desperately wants to atone for his mistakes and begin the healing process with his family. He is committed to doing whatever is necessary to move forward with his life and to renew his efforts at being a positive and contributing member of society. He also vows to maintain a law-abiding life, earn back the respect that he worked so hard to establish, and continue to set a positive example for his family and the community.

Even when the Guidelines were mandatory, courts recognized the significant mitigating effect of the defendant's expression of remorse on the facilitation of justice. *United States v. Rudolph*, 190 F.3d 720, 722-23 (6th Cir 1999); *United States v. Fagan*, 162 F.3d 1280, 1284-85 (10th Cir. 1998)("[b]ecause remorse is not a prohibited factor, but a factor already considered in

the Sentencing Guidelines, a sentencing court may depart downward if it finds that remorse is present to an exceptional degree"); *United States v. Garcia*, 926 F.2d 125 (2nd Cir. 1991); *United States v. Volpe*, 224 F.3d 72 (2nd Cir. 2000)(noting that activities facilitating the proper administration of justice may form the basis for a downward departure). Since the Guidelines have been made advisory, these factors remain a relevant consideration for courts in determining a reasonable sentence. *See* 18 U.S.C. § 3553(a).

Mr. Marlyne has candidly discussed his remorse, not only for committing this offense, but also for the resultant harm that it has caused his family as well as the resources spent by the Government and this Honorable Court. He has certainly learned his lesson as a result of this case and a term of home detention beyond four (4) months is not necessary to ensure that he does not find himself in a similar predicament in the future. Mr. Marlyne also requests that he be permitted to serve his sentence in North Dakota where he currently resides and is starting a new life.

Undersigned counsel is confident that once this Court hears Mr. Marlyne's testimony at sentencing it will understand that his past criminal infractions are not a representation of his true character. As described further in this brief and supporting letters, Mr. Marlyne is a genuine, caring, and altruistic person. He comes from a good background and has a good value system despite his past mistakes. This will be addressed further at the sentencing hearing.

Based upon the foregoing and Mr. Marlyne's understanding of the consequences of his actions, it is respectfully submitted that Mr. Marlyne presents a low risk for recidivism. He respectfully asks that this Court take these factors into consideration in determining a fair sentence to comport with the principles and purposes of sentencing set forth in 18 U.S.C. § 3553(a).

**3. Support of Family and Friends**

District courts have recognized the importance of a defendant's strong social support system in fashioning a sentence that is sufficient, but not greater than necessary to satisfy the principles and purposes of federal sentencing. *See United States v. Wachowiak*, 496 F.3d 744, 747-48 (7th Cir. 2007)(explaining that "[w]here the Court has found strong social support from family, friends, and others the Court has deemed a lower sentence appropriate"); *see also United States v. Smith*, 275 Fed.Appx. 184, 186 4th Cir. 2008)(relying on the defendant's strong family ties when imposing a sentence that varied 24 months below the calculated Guidelines range in a child pornography prosecution).

Mr. Marlyne is surrounded by a strong support system, and in anticipation of sentencing undersigned counsel has received letters from people wishing to make their support of Mr. Marlyne known to this Honorable Court. According to Mr. Marlyne's supporters, his most remarkable trait is his selflessness. Other characteristics used to describe him include loving, caring, thoughtful, generous, and supportive. (*See* support letters attached hereto as Exhibits "A" – "G," which, due to their personal and sensitive nature, will be provided to this Honorable Court instead of filed.

Mr. Marlyne has a great relationship with his mother and father who attest to his selflessness. *See* letter from Ted and Carol Marlyne attached hereto as Exhibit "A." Sandra Brebenel, a close friend of Mr. Marlyne, describes him as a "caring, clever, and quite funny man" that "became part of our family in no time." *See* letter from Sandra Brebenel attached hereto as Exhibit "B." Sandra further describes Mr. Marlyne as "an outstanding person who has made such a positive impact on all of our [family's] lives." *See* Exhibit "B."

Mr. Marlyne's fiancé, Alexandra Radu, further elaborates on his selflessness and supportive nature. She testifies that Mr. Marlyne was her biggest supporter during her surgical residency at University Hospitals, which she describes as one of the most difficult times of her life. *See* letter from Alexandra Radu attached hereto as Exhibit "C." She says throughout their relationship "[h]e has put my life's priorities over his so many times, and I can confidently say that he is one of the most altruistic people I have ever met." *See* Exhibit "C." She gives an example of Mr. Marlyne's altruism by describing an instance where he voluntarily helped a single mother and her daughter move into a nearby apartment and made himself available to get them accustomed to the neighborhood. *See* Exhibit "C."

A long-time friend of Mr. Marlyne, Lauren Browske, also characterizes him as supportive and selfless. She states that she has always been able to rely on Mr. Marlyne for moral support and advice. *See* letter from Lauren Browske attached as Exhibit "D." She provides an example of Mr. Marlyne's selflessness by describing a time where she was working as a nanny and her tire went flat. Mr. Marlyne, an experienced mechanic, went out of his way to offer her assistance and even taught her how to change a tire in case she found herself in a similar predicament in the future. *See* Exhibit "D."

Mr. Marlyne's brother, Jon, describes a number of selfless acts he has experienced by Mr. Marlyne over the years. *See* letter from Jon Marlyne attached as Exhibit "E." He also notes that Mr. Marlyne has recently made significant progress with his social anxiety. He feels that his brother returning to prison would be tremendously counterproductive to the improvement he has made over the years. *See* Exhibit "E."

**B. Need For Sentence Imposed – To Reflect The Seriousness of the Offense, to Promote Respect For the Law, to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct; and to Protect the Public From Further Crimes of the Defendant.**

At the time of sentencing, it will be this Honorable Court's duty to impose a sentence sufficient, but not greater than necessary, to comport with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a)(2)(A)-(D). These purposes include the following: promoting respect for the law, which incorporates providing just punishment in light of the seriousness of the offense; affording adequate deterrence; protecting the public from further crimes by Mr. Marlyne; and providing Mr. Marlyne with any needed rehabilitation and treatment.

When applying the above-referenced factors to the case at bar, it is apparent that a term of home detention beyond four (4) months is not necessary to achieve the sentencing goals outlined in 18 U.S.C. § 3553(a). As previously discussed, Mr. Marlyne has already suffered significantly as a result of the instant offense. He has placed himself and his family in this difficult predicament. In addition to facing a loss of liberty, he will also be punished by collateral consequences associated with having a federal felony conviction. Not only is a prison sentence unnecessary, but it will significantly hinder the progress Mr. Marlyne has made with his mental health.

Furthermore, again, it is respectfully submitted that a term of home detention beyond four (4) months is not necessary to satisfy either general or specific deterrence. As noted, Mr. Marlyne stands to suffer additional significant hardships regardless of the length of punishment imposed by this Honorable Court.

## III. CONCLUSION

**WHEREFORE**, in light of the information set forth herein as well as additional reasons to be adduced at the sentencing hearing, Mr. Marlyne respectfully requests that this Honorable Court impose a sentence of no greater than four (4) months' home detention.

Respectfully submitted,

/s/ Eric F. Long
ERIC F. LONG (0093197)
Counsel for Defendant
Friedman & Nemecek, L.L.C.
1360 E. 9th Street, Suite 650
Cleveland, Ohio 44114
P: (216) 928-7700
E: efl@fanlegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this ___ day of August, 2019, a copy of the foregoing was served electronically via this Court's CM/ECF system on all parties.

Respectfully submitted,

/s/ Eric F. Long
Eric F. Long

## LIST OF EXHIBITS

Exhibit A: Letter from Ted and Carol Marlyne

Exhibit B: Letter from Sandra Brebenel

Exhibit C: Letter from Alexandra Radu

Exhibit D: Letter from Lauren Browske

Exhibit E: Letter from Jon Marlyne

Exhibit F: Letter from Leah Turigliatto

Exhibit G: Letter from Mariana Veiga